BARFIELD, Judge,
dissents.
The appellee moved to dismiss the complaint for failure to state a cause of action and alleged the following:
Specifically, the carrier’s insisting upon its contractual right to arbitrate Plaintiff’s claim can in no way be considered a violation of Section 624.155, Fla.Stat. (1987). Plaintiff has not alleged that the arbitration award was in excess of the insurance policy limits, which is the only legal basis upon which a cause of action under Section 624.155 has been predicated. Alternatively, Plaintiff has failed to allege entitlement to any legally cognizable damages, because the only sanction under the act is liability for a judgment in excess of the policy limits.
(Emphasis supplied.)
The issue of an excess judgment being the basis for a first party bad faith claim has been decided adversely to appellee in McLeod v. Continental Insurance Company, 591 So.2d 621 (Fla.1992); McLeod v. Continental Insurance Company, 573 So.2d 864 (Fla. 2d DCA 1990).
The remaining ground presented to the trial judge, “the carrier’s insisting upon its contractual right to arbitrate,” does not arise from the four corners of the complaint. It may serve as an affirmative defense or the basis for motion for summary judgment once the record is established, but it does not support dismissal for failure to state a cause of action. Paragraph 7 of the complaint clearly states that the appellee “failed to respond” to appellant’s attempts to settle. Nowhere in the complaint is it said that the appellee insisted upon its right to arbitration of either coverage or amount of damage. The complaint sets forth a claim for stonewalling.
Section 624.155, Florida Statutes (1987), provides in part:
(1) Any person may bring a civil action against an insurer when such person is damaged:
[[Image here]]
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests;
******
In my judgment there is nothing in this provision of the Florida Statutes which exempts stonewalling in reliance upon an ultimate demand for arbitration from the good faith requirements for settling disputes.
In noting that the complaint does not set forth that arbitration resulted in any award for the appellant, I suggest that this matter is properly addressed to the trial judge. Implicit in the appellee’s motion to dismiss is the acknowledgment that an arbitration award has already been obtained by appellant. While it would appear that prevailing in arbitration would be a predicate for the bad faith claim, such an omission in the complaint could easily be rectified by amendment. This question has not yet been presented to the trial court and should not be used by this court to buttress its decision.
I would reverse the judgment and remand the case to the trial court for further proceedings.